UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEIZURE OF TWO DOMAIN NAMES FOR VIOLATIONS OF 18 U.S.C. §§ 1349, 1956** | **SZ No. 25-sz-47**<br><br>**FILED UNDER SEAL** |

**GOVERNMENT'S MOTION TO SEAL SEIZURE WARRANT, PROCEEDINGS, AND RELATED FILES AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to place under seal the Seizure Warrant and all related filings in this case, including the Affidavit, instant Motion to Seal, and proposed order and Order (collectively, the Warrant), and delay entry on the public docket of this Motion to Seal and all related matters. In support of this motion, the government submits as follows:

1. The United States is investigating international criminal organizations operating cryptocurrency investment fraud (CIF) scams. According to information developed through the investigation and ample public reporting, in CIF scams, victims (often in the United States) are targeted and, over time, deceived into fraudulent investment schemes on fake websites and platforms. Relevant here, these platforms are controlled by criminal actors overseas, primarily associated with Chinese organized crime syndicates, and while the platforms purport to show that victims are making substantial returns on their cryptocurrency "investments," in reality, all victim funds are funneled directly to the scammers.

2. Numerous CIF schemes are run out of industrial-scale scam compounds in Burma. The criminal syndicates behind these compounds often lure unsuspecting persons to travel to nearby Thailand with the offer of high paying technical jobs. However, many of these persons instead have their identification documents seized and are trafficked to Burma to work in these scam compounds. Within these compounds, these trafficked persons, themselves victims, are

(6)

forced to work long hours to conduct CIF schemes against fraud victims from the United States and other countries.

3. According to publicly available reporting, discussed in more depth below, "Tai Chang Park" (also known as "Taichang," "Ko Sai Casino," and "Kyauk Khat Casino") is one of the major scam compounds in Burma. Also according to public reporting, trafficked persons brought to work at the Tai Chang compound, have been subject to rape, torture, and murder. The compound is reportedly secured through a mix of Chinese criminal actors and members of the Democratic Karen Benevolent Army (DKBA). DKBA has acknowledged the high number of trafficked persons in their territory.

4. The government has identified and is seeking to seize the two TARGET DOMAIN NAMES. As detailed in the affidavit in support of the Warrant, the TARGET DOMAIN NAMES each were involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(i)(B)(i), (a)(2)(A), and therefore should be seized pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1).

5. The affidavit in support of the Warrant sets forth factual allegations, which support the warrant's issuance, establish the Court's jurisdiction, and justify the requested sealing and nondisclosure order. Disclosure of the nature and facts of the investigation at this point may cause subjects of the investigation to further alter their tactics and employ additional levels of operational security and may cause them to conceal or destroy evidence. Furthermore, it is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing covert criminal and grand jury

investigation that would stem from this case and present a substantial risk to the personal safety of cooperators, and, in some cases, innocent bystanders.

6. Accordingly, the government submits that these facts present a compelling governmental interest that justify not only the sealing of the Warrant, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until the government assesses that: (1) the substantial risk to the personal safety of cooperating individuals can be mitigated; and (2) the government can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. 1991).

7. The government further requests that the Court order that the Warrant may be unsealed upon the government filing on the record a Notice to Unseal, at which time the action would be automatically unsealed. The government seeks to coordinate the unsealing and announcement of the above-captioned action with other U.S. government agencies. The security and other considerations underlying the need for both actions to remain sealed are fluid. To avoid consuming scare judicial resources or requesting that the Court act within a specified time, the government requests that the Court permit the automatic unsealing of this matter when the government provides notice that the relevant considerations permit such actions.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Jolie Zimmerman*
Jolie Zimmerman
Assistant United States Attorney
601 D Street N.W. Room #5.132
Washington, DC 20530
(202) 252-7220
jolie.zimmerman@usdoj.gov